32995. MAYS *v.* GLENS FALLS INSURANCE COMPANY.

DECIDED APRIL 28, 1950.

*Lucian J. Endicott,* for plaintiff.

*C. Baxter Jones Jr., Powell, Goldstein, Frazer & Murphy,* for defendant.

SUTTON, C. J. Jimmie Mays, an employee of Central Transfer Company, died on April 8, 1947, as the result of an accident arising out of and in the course of his employment. His average weekly wage for 13 weeks immediately preceding the accident which caused his death was $25.83. At a hearing of a claim before the Workmen's Compensation Board, on September 18, 1947, the board found that Dorothy Mays, minor daughter of said deceased employee, was wholly dependent on his earnings for support, and awarded her weekly compensation of $10.98, which was 'arrived at by taking 85% of one-half of $25.83, the deceased's average weekly wage. The board provided that the award was to be effective as of April 8, 1947, and would continue until the minor daughter's eighteenth birthday, on August 21, 1949, at which time a further hearing could be had to determine dependency as between said daughter and the mother of the deceased, who was also a claimant. Upon application of Jennie Mays, mother of the deceased employee, a hearing was had on August 26, 1949, at which time the board found that Dorothy Mays was no longer a dependent and that her compensation terminated on August 21, 1949, and found that Jennie Mays, the mother, was a partial dependent on the deceased employee prior to and at the time of his accidental injury and death, and that he contributed $13.88 per week to her, from which it was stipulated and agreed that $9 for his board and room should be deducted, leaving a net contribution of $4.88 per week, and the board found, and so awarded, that the mother as a partial dependent was entitled to 85% of one-half of the net contribution of $4.88, or compensation at the rate of $2.07 per week, commencing August 21, 1949, and continuing for 300 weeks, less 122-4/6 weeks which had been paid to Dorothy Mays under the previous award. The mother claimant appealed and the award of the single director was affirmed by the full board, and was also affirmed by the superior court, and the exception here is to that judgment.

■ The sole question for determination is whether or not the single director determined and awarded the correct amount of compensation due the mother as a partial dependent of the deceased employee. The amount of compensation due to her as a partial dependent must be determined by applying the pro-

visions or formula set forth in Code § 114-413(c). This Code section is as follows: "(c) If the employee leaves dependents only partially dependent on his earnings for their support at the time of his injury, the weekly compensation for those dependent shall be in the same proportion to the compensation for persons wholly dependent as the average amount contributed weekly by the deceased to the partial dependents bears to his average weekly wages at the time of the injury." Code § 114-413 (b) makes provision for the determination of compensation for one who is wholly dependent on the earnings of the deceased employee, and is as follows: "(b) The employer shall pay the dependents of the deceased employee, wholly dependent on his earnings for support at the time of the injury, a weekly compensation equal to 85 per cent. of the compensation which is provided for in section 114-404 for total disability, for a period not exceeding 300 weeks from date of injury." Code § 114-404 makes provision for compensation for the employee himself when his incapacity to work is total.

The weekly compensation for the person wholly dependent in this case, the daughter, was found to be $10.98; the average amount contributed by the deceased to the mother as the partial dependent was found to be $4.88; the average weekly wage of the employee at the time of his injury was $25.83. These findings of fact as to these three amounts are not controverted. The amount of compensation to which the partial dependent is entitled in this case can be determined by applying the formula or provisions of Code § 114-413(c) to the three amounts just mentioned and by letting $x$ represent the amount of compensation for the partial dependent the following problem is presented: $x$ is to $10.98 as $4.88 is to $25.83. Divide $4.88 by $25.83 and the result is .189, and then multiply $10.98 by .189 and the result is $2.07, or to be exact it is $2.07522, and, of course, when $2.07522 is divided by $10.98 the result is .189. In other words, the weekly compensation of $2.07 found for the partial dependent in this case is in the same proportion to $10.98, the weekly compensation for the person wholly dependent, as the $4.88, the amount contributed weekly by the deceased dependent, bears to $25.83, the average weekly wage of the deceased at the time of his injury. The single director reached the same result in this case by finding that the claimant was entitled to

85% of one-half of $4.88, the amount of the weekly contribution by the deceased to this claimant, which is $2.07.

The award to the claimant as a partial dependent of $2.07 per week for 300 weeks, less 122-4/6 weeks theretofore paid to Dorothy Mays under a prior award, was correct under the facts of this case and the law applicable thereto; and the judge of the superior court did not err in affirming the award.

*Judgment affirmed. Felton and Worrill, JJ., concur.*